Opinion issued May 7, 2009







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00894-CV
____________

KRISTOFER THOMAS KASTNER, Appellant

V.

THE STATE OF TEXAS, HARRIS COUNTY, TEXAS; TOMMY THOMAS
SAULO AGUILAR, MICHAEL LECOMPTE AND DEPUTY M.
REYNAUD, Appellees




On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2008-45366




MEMORANDUM OPINION
          We dismiss this appeal for want of jurisdiction.
          On October 3, 2008, in an interlocutory order, the trial court sustained a contest
to an affidavit of indigence that appellant, Kristofer Thomas Kastner, filed pursuant
to Texas Rule of Civil Procedure 145. On April 3, 2009, the Clerk of this Court sent
appellant a notice letter advising him that the October 3, 2008 order he was appealing
appeared to be an interlocutory one, not legally authorized to be appealed. In the
letter, the Clerk advised appellant that the Court might dismiss the appeal for want
of jurisdiction, unless, in a written response, he provided a meritorious explanation
showing that the Court had jurisdiction of the appeal.
          Appellant has filed a response. As authority that this Court has jurisdiction,
appellant cites In re Arroyo, 988 S.W.2 737, 738-39 (Tex. 1998) for the proposition
that the amended rules of appellate procedure provide an adequate means to challenge
an order sustaining a contest to an affidavit of indigence. Appellant’s reliance on
Arroyo is misplaced. In Arroyo, the Texas Supreme Court approved appeal as the
appropriate means to review an order sustaining a contest to an affidavit of indigence,
specifically filed under Texas Rule of Appellate Procedure 20. See id. at 738. In
such instances, there should be a final appealable trial court judgment. In the instant
case, the affidavit of indigence in question was filed pursuant to Texas Rule of Civil
Procedure 145. There is no final appealable judgment. Appellant is attempting to
appeal an interlocutory order sustaining a contest to appellant’s prejudgment, not
postjudgment, affidavit of indigence. 
          The general rule, with a few mostly statutory exceptions, is that an appeal may
be taken only from a final judgment. Kossie v. Smith, No. 01-08-00065-CV, 2009
Tex. App. LEXIS 1739 at *1 (Tex. App.—Houston [1st Dist.] March 9, 2009, no pet.)
(mem. op.) (citing Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex. 2001)). 
Interlocutory orders may be appealed only if allowed by statute. Kossie, at *1(citing
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001)). The October
3, 2008 interlocutory order from which appellant has appealed is not an order that is
made appealable by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(Vernon 2008). Thus, we lack subject-matter jurisdiction over the interlocutory order
that Kastner has appealed. See Kossie at *2 (dismissing appeal of interlocutory order
sustaining contest to affidavit of indigence); Kilsby v. Mid-Century Ins. Co. of Tex.,
No. 14-07-00981-CV, 2008 Tex. App. LEXIS 2380, (Tex. App.—Houston [14th
Dist.] Apr. 3, 2008, no pet.) (memo op.) (dismissing appeal of interlocutory order
sutaining challenge to affidavit of inability to pay costs); see also In re K. J. M., No.
02-08-038-CV, 2008 Tex. App. LEXIS 1924 (Tex. App.—Fort Worth Mar. 13, 2008,
no pet.) (memo op.) (dismissing appeal of interlocutory order sustaining challenge to
indigency affidavit and denying appointment of counsel to represent appellant in
habeas challenge to order of contempt in child-support-enforcement action). 
          We dismiss the appeal for lack of subject-matter jurisdiction. Any pending
motions are overruled as moot.
PER CURIAM
Panel consists of Justices Jennings, Alcala, and Higley.